IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHATERRA PASCHALL | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:08CV151-HSO-JMR |
| | § | |
| ENTERPRISE RENT-A-CAR | § | |
| COMPANY | § | DEFENDANT |

## ORDER AND REASONS DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is Defendant's Motion to Dismiss [3-1] filed April 22,

2008, in the above-captioned cause.  Plaintiff filed a Response [7-1] on May 19,

2008, and Defendant filed a Rebuttal [8-1] on May 27, 2008.  After consideration of

the parties' submissions, the record, and the relevant legal authorities, and for the

reasons discussed below, the Court finds that Defendant's Motion to Dismiss [3-1]

should be denied, without prejudice to its right to reassert the Motion at a later

date, and that Plaintiff should be granted leave to amend her Complaint.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on March 6, 2008, in the County Court of

Harrison County, Mississippi, First Judicial District.  The dispute stems from

Plaintiff's rental of a vehicle owned by Defendant.  *See* Compl., at pp. 1-2.

Defendant removed the case to this Court on April 15, 2008, invoking jurisdiction

based upon diversity of citizenship. *See* Notice of Removal [1-1] (citing 28 U.S.C. §

1332).  Defendant now asks the Court to completely dismiss the case pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

can be granted.  Plaintiff opposes such dismissal, and in the alternative, requests leave to amend the Complaint.

## II. DISCUSSION

In her Complaint, Plaintiff asserts claims for intentional infliction of emotional distress and fraud, and makes demands for actual, compensatory, and punitive damages.  *See* Compl, at p. 3.  Defendant contends that the Complaint fails to plead sufficient facts to state any plausible claim against it as mandated by Federal Rule of Civil Procedure 8(a), and fails to state claims of fraud against it with the particularity required by Federal Rule of Civil Procedure 9(b).  Defendant further objects to the sufficiency of process and of service of process, in that it is incorrectly identified in the Summons and Complaint as "Enterprise Rent-A-Car" rather than as "Enterprise Leasing Company - South Central, Inc."  Plaintiff counters that she has articulated sufficient facts in her Complaint to support her causes of action but that, alternatively, she should be granted leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15 *in lieu* of dismissal.

A.    Failure to State a Claim

Federal Rule of Civil Procedure 8(a) provides in relevant part that

[a] pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, Plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *See id.* at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide the "grounds" of his "'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....

*Id.* at 1964-65 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

1.   <u>Intentional Infliction of Emotional Distress Claim</u>

In a diversity case, such as this one, the Court must apply state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). Under Mississippi law, "[t]o establish a claim for intentional infliction of emotional distress, the plaintiff must show that the defendant through 'extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another....'" *Waters v. Allegue*, 980 So. 2d 314, 318-19 (Miss. Ct. App. 2008) (*quoting Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352, 1365 (Miss. 1995) (internal quotation omitted)). "To justify a finding of intentional infliction of emotional distress, a plaintiff must prove wanton and willful conduct that evokes outrage or revulsion." *Richard v. Supervalu, Inc.*,

974 So. 2d 944, 951 (Miss. Ct. App. 2008) (*citing Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001)).

In her Complaint, Plaintiff alleges that she rented a vehicle from Defendant for one week and returned it undamaged. *See* Compl., at ¶¶ 5-6. She contends that she subsequently received numerous telephone calls and demands from Defendant alleging that the vehicle had been damaged, which she disputed. *See id.* at ¶¶ 7-8. She states that after Defendant provided her with documents regarding the vehicle, she determined that it was not the same vehicle she had rented, which Defendant then purportedly acknowledged. *See id.* at ¶ 9. She alleges that Defendant nevertheless continued to insist that she pay for the damages to the vehicle and intentionally harassed her, resulting in her purported emotional distress. *See id.* at ¶¶ 9-13.

The Court notes that Plaintiff has not pled her intentional infliction of emotional distress claim with a great deal of specificity, and that this claim may later prove insufficient to survive a motion for summary judgment. However, at this juncture of the proceedings, the Court is of the opinion that Plaintiff has met the threshold by which it must evaluate the claim for intentional infliction of emotional distress pursuant to Rules 8(a) and 12(b)(6). Plaintiff has pled sufficient facts supporting her claim for intentional infliction of emotional distress in order to survive dismissal at this stage of the proceedings, and therefore Defendant's Motion to Dismiss will be denied as to this claim.

2.    <u>Fraud Claim</u>

As for Plaintiff's fraud claim, Federal Rule of Civil Procedure 9(b) requires that Plaintiff, in alleging fraud or mistake in her Complaint, "state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  In order to establish fraud under Mississippi law, a plaintiff must show the following by clear and convincing evidence:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 762 (Miss. 2004) (internal citations omitted).

"At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  *United States ex rel. Doe v. Dow Chem. Co* ., 343 F.3d 325, 328 (5th Cir. 2003) (*quoting United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). In her Complaint, Plaintiff merely alleges that an agent of Defendant intentionally and willfully submitted false documents to her which recounted damage to a rental car that she had not rented.  *See* Compl., at ¶¶ 14-15.  The Court is of the opinion that the foregoing do not constitute sufficiently pled facts to support Plaintiff's claims for fraud in order to survive dismissal.

3.   <u>Request to Amend Complaint</u>

Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a)(2). The Fifth Circuit has articulated five considerations in determining whether to grant a party leave to amend a complaint:  1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.  *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal citation omitted)).

In this case, Plaintiff's request to amend is her first such request, and it was made before any deadline for amending pleadings passed, and in response to Defendant's Motion to Dismiss.  There has been no scheduling order entered, nor has there been any showing of undue delay in this case.  The Court therefore finds that granting Plaintiff's request to amend would not result in any significant delay or prejudice to Defendant, nor is the request to amend otherwise inconsistent with the appropriate standards under Rule 15.

The Court notes that Plaintiff has not submitted a proposed Amended Complaint; however, from the face of the pleadings, the Court is of the opinion that permitting Plaintiff to amend her Complaint is appropriate under the circumstances.  Therefore, Plaintiff will be permitted the opportunity to amend her Complaint to state her fraud claim with greater particularity.  Defendant's Motion to Dismiss will be denied, without prejudice to its right to reassert its Motion

following the filing of any amendment, or if Plaintiff has not filed an Amended Complaint within the time specified by the Court.

B.    <u>Insufficiency of Process and Service of Process</u>

Defendant maintains that Plaintiff's Complaint should also be dismissed for insufficiency of process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  The party making service has the burden of demonstrating its validity when an objection to service is made.  *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).  Plaintiff has not met this burden.  She contends she obtained the information for the Summons through the Mississippi Secretary of State's Office.  Plaintiff argues that, even if the name and registered agent of Defendant were incorrect on the Summons, the Complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 17(a).  Plaintiff asks that the Court direct Defendant to provide her counsel with Defendant's legal corporate name and the name and address of its registered agent in order for service to be perfected.

There has evidently been some confusion regarding the corporate identity of the entity that rented Plaintiff the vehicle in question.  In the Court's opinion, this confusion is not sufficient grounds for dismissal with prejudice under Rule 12(b)(4) or 12(b)(5).  Based upon the submissions of the parties, it is clear to the Court that Plaintiff has made reasonable efforts to effect service of process upon Defendant pursuant to the Federal Rules of Civil Procedure, and the Court is of the opinion that Plaintiff has shown good cause to extend the time limit for service pursuant to

-7-

Federal Rule of Civil Procedure 4(m).

In its Motion to Dismiss, Defendant has averred that its proper legal name is "Enterprise Leasing Company - South Central, Inc."  Based on this representation, the Court instructs Plaintiff to substitute this corporate entity for "Enterprise Rent-A-Car" as Defendant in her Amended Complaint.  Plaintiff will then be required to cause a new summons to issue and complete proper service upon Enterprise Leasing Company - South Central, Inc., within thirty (30) days of filing her Amended Complaint.

### III.  CONCLUSION

The Court has considered Defendant's Motion to Dismiss and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, Defendant's Motion to Dismiss [3-1] should be denied, without prejudice to its right to reassert the Motion after Plaintiff has an opportunity to file her Amended Complaint and properly effect service of process.  Plaintiff shall file her Amended Complaint on or before July 25, 2008, and shall effect proper service of process upon Defendant no later than August 25, 2008.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Defendant's Motion to Dismiss filed on April 22, 2008 [3-1], pursuant to Federal Rule of Civil Procedure 12(b)(6), should be and is hereby **DENIED**, without prejudice to Defendant's right to reassert**.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited herein, Plaintiff's request for leave to file an Amended Complaint is

**GRANTED**, and that Plaintiff shall file her Amended Complaint, if any, with Enterprise Leasing Company - South Central, Inc., identified as Defendant, on or before July 25, 2008, and shall cause summons to issue and complete proper service upon Enterprise Leasing Company - South Central, Inc., no later than August 25, 2008.

        **SO ORDERED AND ADJUDGED**, this the 7th day of July, 2008.

                                *s/ Halil Suleyman Ozerden*
                                HALIL SULEYMAN OZERDEN
                                UNITED STATES DISTRICT JUDGE